IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY JACOBS, # M-24548, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00283-JPG |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, WEXFORD MEDICAL, | ) |
| and DR. CALDWELL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated in Southwestern Illinois Correctional Center ("Southwestern"), brings this action *pro se* under 28 U.S.C. § 1983 for alleged violations of his constitutional rights (Doc. 1). Plaintiff suffers from hydrocele, a condition that causes fluid buildup around his testicles (Doc. 1, p. 4). He experienced a flare-up of the condition in 2013, and three separate medical professionals recommended surgery (Doc. 1, pp. 4-7). At the time, Plaintiff was in the process of transferring from a federal institution in Kentucky to his permanent placement site in Illinois. Officials at each institution delayed surgery until Plaintiff reached his permanent placement facility. Even then, the Illinois Department of Corrections ("IDOC") and Wexford Medical ("Wexford") continued to delay the surgery, causing Plaintiff to endure more than eight months of pain. Plaintiff now sues IDOC and Wexford for implementing policies that caused the delay in his treatment. He also sues Defendant Caldwell, his doctor at Vandalia Correctional Center, for failing to expedite Plaintiff's surgery request. Plaintiff seeks monetary damages and a review of IDOC and Wexford's policies.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

According to the complaint, Plaintiff suffers from hydrocele, a condition that causes fluid buildup around his testicles (Doc. 1, p. 4). In 2013, the condition became severe. On three separate occasions, Plaintiff was sent to the hospital. Each time, the diagnosis of hydrocele was confirmed, and surgery was recommended.

Problems began around February 14, 2013, as Plaintiff awaited extradition from a federal institution in Kentucky to Illinois (Doc. 1, p. 4). Plaintiff's testicles began to swell. The pain was unbearable. He was sent to a hospital in London, Kentucky. There, a doctor conducted a sonogram, diagnosed the condition, administered a shot for pain, and referred Plaintiff to a surgeon. Plaintiff was extradited to Woodford County, Illinois, before he met with a surgeon.

By the time he arrived in Illinois, the swelling had increased dramatically. Plaintiff alleges that his testicles were nearly the size of softballs. Plaintiff met with a general practitioner, who sent him directly to the emergency room. After undergoing a second sonogram, the diagnosis was confirmed (Doc. 1, pp. 4-5). Plaintiff was again treated for pain, and he returned to the jail with orders for surgery.

Plaintiff's transfer to Stateville Correctional Center ("Stateville") was expedited because he needed surgery (Doc. 1, p. 5). He arrived at Stateville early the following week. A medical provider met with Plaintiff soon after his arrival, but decided to delay surgery until Plaintiff reached his permanent placement site. He was given Tylenol for pain.

Following his transfer to Vandalia Correctional Center ("Vandalia"), Plaintiff met with Defendant Caldwell, a doctor at Vandalia, on March 19, 2013. Defendant Caldwell could not understand why Plaintiff had not already undergone surgery. Defendant Caldwell agreed that surgery was necessary and said he would seek approval for it.

Five months later, Plaintiff continued to wait for surgery. He was in agony. Plaintiff enlisted the help of family members to advocate for the surgery. Plaintiff's family contacted Vandalia's warden and officials in Springfield, offering to pay for the procedure. The IDOC declined the family's offer.

At the end of this five-month period, Plaintiff was again sent to the hospital, where he received the same battery of tests he had already undergone twice. Once again, his diagnosis was confirmed. Once again, he learned that surgery was the only option.

Instead of authorizing the surgery, however, Wexford issued a 90-day denial of the surgery request. Plaintiff was also issued a support belt. The belt was not medically indicated and caused additional pain. Defendant Caldwell told Plaintiff that there was nothing more he could do until the denial period ended (Doc. 1, p. 7).

Meanwhile, Plaintiff's family continued to push for the surgery on his behalf. They eventually reached a Chicago-based doctor who works closely with the IDOC. This provider allegedly convinced the IDOC to approve the surgery, shortly before the 90-day period expired. Plaintiff underwent surgery on October 30, 2013, more than eight months after problems began.

Plaintiff now sues Defendants IDOC and Wexford for implementing policies that unconstitutionally delay or deprive prisoners of necessary medical treatment in order to save money. Plaintiff also sues Defendant Caldwell for failing to secure timely approval for Plaintiff's surgery, in violation of his right to receive medical care. Plaintiff seeks monetary damages and a review of IDOC and Wexford's policies (Doc. 1, p. 8).

**Discussion**

The complaint asserts medical claims against Defendants Caldwell, Wexford, and IDOC.

However, there is no indication whether Defendants have been sued in their individual or official capacities, or both. The complaint also mentions no constitutional basis for relief. After fully considering the allegations, the Court finds that the complaint states a colorable Eighth Amendment medical needs claim (**Count 1**) against all Defendants.

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under § 1983 for negligence, or even gross negligence.[1] *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Relevant to Plaintiff's medical needs claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

At this early stage, the complaint satisfies the objective component of this test. The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The complaint suggests that Plaintiff's medical condition,

---

[1] No negligence claim is alleged in the complaint against any of the defendants.

hydrocele, was serious. Among other things, the condition was diagnosed by three physicians, and surgery was recommended by all three. The allegations satisfy the objective component of Plaintiff's Eighth Amendment claim against Defendants at this stage.

Turning to the subjective component of this analysis, the Court also finds that the complaint satisfies the threshold standard. With regard to Defendant Caldwell, the complaint suggests that he delayed Plaintiff's surgery unnecessarily, by failing to seek approval and/or by failing to expedite the approval process for surgery. This resulted in eight months of additional pain for Plaintiff. The Seventh Circuit has recognized that "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). The allegations against Defendant Caldwell are sufficient to state an Eighth Amendment medical needs claim against him at this early stage. Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Defendant Caldwell.

Turning to Defendant Wexford, Seventh Circuit law related to the doctrine of *respondeat superior* has, until quite recently, appeared to be settled. Certainly, it is well settled that a municipality may not be held vicariously liable under § 1983 for the actions of its employee, unless the employee acted pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). The Seventh Circuit, like all other circuits, long ago extended the *Monell* standard to private corporations. *See Shields v. Illinois Department of Corrections*, --- F.3d ---, 2014 WL 949950, *6 (7 Cir. 2014) (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Under this standard, a "private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." *See id*. at *6 (citation omitted). This is exactly what the complaint

6

alleges, i.e., that Wexford's policies caused Plaintiff's delay in surgery. Plaintiff shall therefore be allowed to proceed with Count 1 against Defendant Wexford on this basis.

However, Plaintiff cannot maintain his suit against Defendant IDOC, at least not for money damages, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

However, Plaintiff seeks more than monetary relief from Defendant IDOC. He also seeks a "court order to be entered looking into the medica[l] policies of Wexford Medical and [IDOC]" (Doc. 1, p. 8). The Court interprets this request as one for injunctive relief. Although the Court takes no position regarding the outcome of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendant IDOC for injunctive relief at this early stage in the case.

In summary, Plaintiff shall be allowed to proceed with his Eighth Amendment medical needs claim (**Count 1**) against Defendants Caldwell, Wexford, and IDOC.

**Pending Motion**

Plaintiff has filed a motion for attorney representation (Doc. 4), which shall be referred to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for

**DEFENDANTS CALDWELL** and **WEXFORD MEDICAL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Director of IDOC, S.A. Godinez, 1301 Concordia Court, P.O. Box. 19277, Springfield, IL 62794. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for attorney representation (Doc. 4). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: March 27, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**
