IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-283-NJR-DGW |
| | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, WEXFORD MEDICAL, | ) | |
| and DR. CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Wexford Medical and Dr. Caldwell (Doc. 37) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, an inmate currently incarcerated at Southwestern Illinois Correctional Center ("Southwestern"), filed his complaint on December 19, 2013, alleging violations of his constitutional rights for events occurring while he was at Vandalia Correctional Center ("Vandalia").  After an initial screening, Plaintiff was allowed to proceed on one count against

Defendants Wexford Medical, Dr. Caldwell, and the Illinois Department of Corrections ("IDOC") for deliberate indifference to his medical needs in violation of the Eighth Amendment (Doc. 10, p. 7). The Court notes that the IDOC was named as a defendant for purposes of injunctive relief only. In his complaint, Plaintiff alleges that he was denied proper treatment, including surgery, for hydrocele, a condition that was causing him to experience significant pain due to fluid buildup around his testicles.

Defendants Wexford Medical and Dr. Caldwell filed a Motion for Summary Judgment on August 21, 2014 (Doc. 37), arguing that this action should be dismissed due to Plaintiff's failure to exhaust his administrative remedies. In support of their Motion, Defendants attached the affidavit of Lori Crafton, the Record Office Supervisor at Southwestern. In her affidavit, Ms. Crafton states that, after performing a search of the grievance logs from December 1, 2013 to present, she found that there were no grievances filed by Plaintiff. Moreover, Defendants provide that the Administrative Review Board ("ARB") has received only one grievance from Plaintiff. According to ARB records, Plaintiff filed his single grievance while incarcerated at Vandalia. The grievance, dated August 21, 2013, complains of inadequate medical care for his medical condition at issue in this lawsuit. The grievance was received by Plaintiff's counselor on August 22, 2013. Plaintiff's counselor found that Plaintiff was being medically treated as necessary. Plaintiff appealed to the Grievance Officer, who reviewed Plaintiff's grievance on August 26, 2013. Again, the Grievance Officer determined that Plaintiff was being medically treated as necessary. On August 27, 2013, the Chief Administrative Officer reviewed Plaintiff's grievance and concurred with the determination of the Grievance Officer. Plaintiff then submitted his grievance to the ARB for a final determination. Plaintiff's grievance, which was

received by the ARB on August 30, 2014, was finally determined to be moot on June 4, 2014.

In conjunction with the filing of their Motion, Defendants Wexford Medical and Dr. Caldwell filed a Rule 56 Notice, informing Plaintiff of the perils of failing to respond to their Motion for Summary Judgment within the proper timeframe (Doc. 39). Plaintiff's response to Defendants' Motion was initially due on September 25, 2014. However, due to Plaintiff's failure to submit a response, the Court extended the deadline, sua sponte, to October 17, 2014 (Doc. 41). In the Court's Order extending the response deadline, the Court informed Plaintiff that his failure to file a response will result in the cancellation of the Pavey Hearing and an order on Defendants' Motion for Summary Judgment. Plaintiff filed a Motion for Recruitment of Counsel on October 9, 2014, stating that he has failed to submit a response because he does not have an attorney. Plaintiff informed the Court that if it cannot appoint him an attorney, the case will need to continue on without Plaintiff making any more filings (Doc. 42). Plaintiff's Motion for Recruitment of Counsel was not responsive to Defendants' Motion for Summary Judgment.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the

moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

>The Prison Litigation Reform Act provides:
>
>No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

*Discussion*

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the

Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(g). In this case, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment, although he was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Plaintiff filed one grievance concerning the medical treatment at issue in this lawsuit. The relevant grievance was dated August 21, 2013, and was appealed through the proper institutional channels at Vandalia. However, after appealing the decision of the Chief Administrative Officer to the ARB on August 30, 2013, Plaintiff filed his suit before he received a final determination. More specifically, Plaintiff filed this lawsuit on December 19, 2013, less than three months after his grievance was sent to the ARB. Although the ARB did not issue its final determination until June, 2014, pursuant to the Illinois Administrative Code, the ARB may issue its final determination *within six months* of receipt of an appealed grievance, when reasonably feasible. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Here, Plaintiff was premature in filing this lawsuit, as the ARB had not issued a final determination on Plaintiff's grievance, although it was still within a reasonable timeframe for doing so.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Court find that Plaintiff failed to exhaust his administrative remedies being filing suit as to all Defendants, that the Court

**GRANT** Defendants' Motion for Summary Judgment (Doc. 37) and **DISMISS WITHOUT PREJUDICE** Plaintiff's deliberate indifference claim against Defendants Wexford Medical, Dr. Caldwell, and the Illinois Department of Corrections. Should the Court adopt the Report and Recommendation, there will be no further claims pending in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 12, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**